ELLA H. FOLEY, Appellant, v. BROTHERHOOD OF RAILROAD TRAINMEN, Appellee.

INSURANCE:  Avoidance of Policy—Attaching Copy of Application—Presumption.  It will be presumed that a copy of the application for insurance was attached to the policy or certificate, in the absence of evidence to the contrary.

Headnote 1:   29 Cyc. p. 232 (Anno.)

Headnote 1:   14 R. C. L. 885.

*Appeal from Woodbury District Court.*—A. O. WAKEFIELD, Judge.

OCTOBER 26, 1926.

REHEARING DENIED FEBRUARY 15, 1927.

Action upon a benefit certificate issued by the defendant Brotherhood of Railroad Trainmen.   Decree dismissing the petition, and the plaintiff appeals.—*Affirmed.*

*Griffin, Griffin & Griffin,* for appellant.

*L. B. Forsling,* for appellee.

Stevens, J.—The certificate in question was issued October 1, 1918, by appellee to Edward L. Foley, the deceased, and forwarded to the local lodge at Sioux City, of which he was a member. He paid the assessments required by the terms of the contract for a few months, and thereafter they were paid by the local lodge until the month of September, 1923. On August 18, 1923, the grand lodge of the association canceled the certificate, upon the ground of a misrepresentation as to the physical condition of insured in the application for a benefit certificate which bears date July 30, 1918. On September 1, 1923, the member was expelled by the local lodge for the non-payment of the August assessment.

Counsel agree that the provisions of Section 8770, Code of 1924, which makes the certificate of health issued by the examining physician of the society conclusive, are not applicable to fraternal beneficiary associations. A question is raised as to whether appellee is an association of this character. The arguments of counsel furnish little aid to the court on this point. We have, however, somewhat laboriously examined the copy of the constitution of the association, and apparently the society is a fraternal beneficiary association. It has a grand lodge and subordinate lodges, and seems not to have been organized for profit. It has also a representative form of government. We shall, therefore, treat it as a fraternal beneficiary association.

In answer to one of the questions which applicants are required to answer, Foley stated that he had never been afflicted with syphilis. The case was tried on a stipulation of the facts, which recites that certain physicians named therein would, if present, testify as stated. The testimony on the part of the medical examiner for the society at the time the application was made, is that only an external examination was made. There is, however, the statement of two physicians of the society, who examined the deceased in 1923, that they found conclusive evidence that the member had at some time been afflicted with syphilis, and that he admitted that he was so afflicted in April, 1918. This evidence is in no wise disputed. The cancellation of the certificate was based upon the misrepresentation stated.

While it is urged by counsel for appellant that the evidence on this point is by no means satisfactory, we think that, in the absence of any contrary showing, it must be treated as

conclusive. This being true, the benefit certificate was not in force at the time of the member's death, unless appellee is precluded from pleading the alleged misrepresentation as a .defense for the reason that a copy of the application was not attached to the policy.

No evidence was introduced upon the trial as to whether or not a copy of the application was attached to the benefit certificate. It was the duty of the society issuing the certificate to attach a copy of the application thereto. We cannot find, in the absence of any evidence on the subject, that this was not done. The benefit certificate was issued and forwarded to the local lodge, where it became misplaced or lost. The member apparently never received or saw the certificate. He was severely injured April 6, 1920, and on May 23, 1922, made application for a copy of the certificate. This application is not shown to have been acted upon, and a copy of the certificate and application was not forwarded to the deceased. The evidence is wholly insufficient to show that a copy of the application did not accompany the policy.

Other questions are discussed by counsel, but we deem the conclusion reached on the points considered decisive, and we therefore refrain from discussing the remaining propositions. The decree is—*Affirmed.*

DE GRAFF, C. J., and FAVILLE and VERMILION, JJ., concur.